### NG SUI WING v. UNITED STATES.

No. 4447.

Circuit Court of Appeals, Seventh Circuit.

Jan. 20, 1931.

Charles F. Hille, of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

Appellant, an alien and subject of China, was admitted to the United States at San Francisco, Cal., October 1, 1923. In June, 1926, he returned to China, holding a laborer's return certificate on which he again entered the United States, as a returning laborer, May 6, 1927, at San Francisco. In De-

cember, 1928, an indictment was returned against him in Cook county, Ill., charging him in three counts with (1) common-law rape, (2) statutory rape, and (3) contributing to the delinquency of a minor female child, upon which indictment, on February 15, 1929, he was tried, convicted, and sentenced to one year in the penitentiary by the criminal court of Cook county, Ill.

Appellant was arrested on January 22, 1930, on a warrant issued by an Assistant Secretary of Labor, charging appellant with having been sentenced to imprisonment for a term of one year because of conviction in this country of a' crime involving moral turpitude, to wit, rape, committed within five years after his entry into the United States. A hearing of these charges was had in Chicago before the Immigration Inspector on February 27, 1930, and they were sustained; and as a result thereof a warrant of deportation was issued by the Secretary of Labor, directing that he be returned to China. Appellant thereupon filed a petition for a writ of habeas corpus, and it was issued by the District Court, which, after hearing the evidence, discharged the writ and remanded appellant to the immigration officials for deportation.

From this order appellant has appealed, and in support thereof contends: (1) That he is not guilty of the charges of which he was convicted in the criminal court; (2) that his entry into the United States was more than five years prior to the alleged crimes with which he was charged; and (3) that the alleged crimes with which he was charged do not involve moral turpitude.

The statute upon which this proceeding is based is as follows: " * * * except as hereinafter provided, any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." U. S. C. title 8, § 155 (8 USCA § 155).

■ As to the first contention, it is sufficient to say that the judgment of the criminal court precludes appellant from raising that question in this court. In support of his second contention appellant insists that his entry into the United States, as contemplated by the statute, must be construed to be his original entry, which was October 1, 1923, and does not refer to his re-entry on

May 6, 1927. This question has been decided adversely to appellant's contention. Lapina v. Williams, 232 U. S. 78, 34 S. Ct. 196, 58 L. Ed. 515; Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967; Ciccerelli v. Curran (C. C. A.) 12 F.(2d) 394; Ex parte Parianos (C. C. A.) 23 F.(2d) 918.

■ As to appellant's third contention, it is only necessary to refer to a widely accepted definition of the term "moral turpitude," which is "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." In re Henry, 15 Idaho, 755, 99 P. 1054, 21 L. R. A. (N. S.) 207. In the case of Bendel v. Nagle (C. C. A.) 17 F.(2d) 719, 720, 57 A. L. R. 1129, the court used this language: "The crime of which the appellant was convicted is usually classed as rape, * * * and such a crime manifestly involves moral 'turpitude.'" With this statement we agree.

Judgment affirmed.