MATTER OF BEATO

In DEPORTATION Proceedings

A-12097094

*Decided by Special Inquiry Officer July 16, 1964*
*Decided by Board October 7, 1964*

Attempted assault, second degree (with intent to commit carnal abuse and rape), in violation of section 242(5), New York Penal Law, is a crime involving moral turpitude.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251]—Convicted of crime involving moral turpitude committed within 5 years after entry and sentenced to confinement therefor in a prison or corrective institution for a year or more, to wit, attempted assault, 2d degree (section 242, New York Penal Code).

### BEFORE THE SPECIAL INQUIRY OFFICER

The respondent is a 32 year old married male alien, a native and citizen of Italy who entered the United States at the port of New York on November 19, 1960, at which time he was admitted for permanent residence. On November 15, 1963, he was convicted in the County Court, Nassau County, New York, of attempted assault, second degree and was sentenced to Sing Sing State Prison for a term of one year and three months to two years and six months, but execution of the sentence was suspended and he was placed on probation.

Deportability is predicated on section 241(a)(4) of the Immigration and Nationality Act on the ground that the respondent was convicted of a crime involving moral turpitude committed within five years after entry and sentenced to confinement in a prison for a year or more. The respondent urges that he is not subject to deportation as it cannot be determined from the record whether he was convicted of a crime involving moral turpitude.

To decide whether the crime of which the respondent stands convicted involves moral turpitude reference must be had to the record of conviction which includes the indictment (information or complaint),

plea, verdict and sentence. *United States ex rel. Meyer* v. *Day*, 54 F. 2d 336 (C.C.A. 2, 1931); *United States ex rel. Robinson* v. *Day*, 54 F. 2d 1022 (C.C.A. 2, 1931); *United States ex rel. Zaffarano* v. *Corsi*, 63 F. 2d 757 (C.C.A. 2, 1933).

The record reflects that on September 18, 1952, the respondent was indicted by the grand jury of Nassau County, New York, on four counts relating to his alleged misconduct on July 30, 1962, with an eight year old girl as follows:

First count—carnal abuse of a female child in violation of section 483-A of of the Penal Law of New York

Second count—attempted rape, first degree

Third count—assault in the second degree with intent to commit the crimes and felonies of carnal abuse and rape

Fourth count—endangering the life, health and morals of a child, by placing his hands, fingers, and private parts in contact with the private parts of the girl.

The indictment concludes as follows:

All of the acts and transactions alleged in each of the several counts of this indictment are crimes of a similar nature, are connected together and form part of a common scheme and plan.

On October 1, 1962, the respondent pleaded not guilty to the indictment but subsequently on October 15, 1963, withdrew his plea of not guilty and pled guilty to attempted assault, second degree, in satisfaction of the indictment.

Section 242 of the New York Penal Law, defining the crime of assault in the second degree, provides as follows:

A person who, under circumstances not amounting to the crime specified in section two hundred and forty,

1. With intent to injure, unlawfully administers to, or causes to be administered to, or taken by another, poison, or any other destructive or noxious thing, or any drug or medicine the use of which is dangerous to life or health; or,

2. With intent thereby to enable or assist himself or any other person to commit any crime, administers to or causes to be administered to, or taken by another, chloroform, ether, laudanum, or any other intoxicating narcotic or anaesthetic agent; or,

3. Willfully and wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a weapon; or,

4. Willfully and wrongfully assaults another by the use of a weapon, or other instrument or thing likely to produce grievous bodily harm; or,

5. Assaults another with intent to commit a felony, or to prevent or resist the execution of any lawful process or mandate of any court or officer, or the lawful apprehension or detention of himself, or of any other person,

Is guilty of assault in the second degree.

As the statute is divisible, conviction thereunder may or may not involve moral turpitude, *Matter of Z—*, 5 I. & N. Dec. 383 (BIA, 1953). If the basic crime involves moral turpitude then the attempt

to commit that crime likewise involves moral turpitude, *United States ex rel. Meyer v. Day, supra.*

The third count of the indictment, which is the only one involving assault, alleges an assault with intent to commit the felonies of carnal abuse and rape. The phraseology of this count clearly brings it within the purview of the fifth subdivision of section 242. As the crimes of carnal abuse and rape clearly involve moral turpitude, an assault with intent to commit such crimes involves moral turpitude. Hence, had the respondent pleaded guilty to the third count of the indictment, he unquestionably would fall within the scope of section 241(a)(4) of the Immigration and Nationality Act. The fact that he pleaded guilty to attempted assault, second degree is not deemed to alter this conclusion. That plea was not made in a vacuum, but must be considered with relation to the indictment, as is indicated by the recitals in the conviction record that such plea was "in satisfaction of the indictment."

Under the criminal procedure of New York, an indictment is essential to the prosecution of a crime in a county court and to the acceptance of a plea with reference thereto, *Code of Criminal Procedures*, section 4, 222, 444, 445. Hence, there cannot be a plea or a conviction of any crime in such court without an indictment. As a matter of law, a criminal judgment must be supported by an indictment charging the crime adjudged or a higher degree thereof, or a crime necessarily involving or included in the crime for which the sentence is imposed, *Matter of W—*, 4 I. & N. Dec. 241, at 245 (BIA, 1951). The effect of the respondent's guilty plea to attempted assault in the second degree was to reduce the maximum punishment to which he was subject, (*New York Penal Law*, sec. 261, subd. 2). In other respects he is considered as having pleaded to the basic crime.

In *United States ex rel. Valenti v. Karnuth*, 1 F. Supp 370 (U.S. D.C., N.D., N.Y., 1932) an alien charged in the indictment with assault in the first degree pled guilty to assault in the second degree. In holding that the allegations in the indictment pertinent to the crime to which the guilty plea was entered could properly be considered, the court stated:

When confronted with the necessity of deciding whether the named crime to which the relator pleaded guilty involves moral turpitude, this court may, in reaching a decision, when the question is doubtful, look behind the plea to the charge or indictment upon which the plea was made for the purpose of determining the question.

Following this rationale it has been held that where an indictment charges a particular offense and there is a plea of guilty to a lesser offense the allegations pertaining only to the greater offense are disregarded and the remaining allegations to which the plea has been

taken are considered to determine whether there has been a convic-
tion of a crime involving moral turpitude. Thus where the indict-
ment alleged manslaughter in the first degree based upon the use of an
instrument to procure an abortion resulting in the death of a woman
and the alien pled guilty to assault in the second degree it was
concluded that the conviction was under section 242, subd. 5, of the
New York Penal Law for assault in the second degree with intent to
commit the felony of abortion and that the crime involved moral tur-
pitude, *Matter of M—*, 2 I. & N. Dec. 525 (BIA, 1946).

Similarly in *Matter of W—*, 4 I. & N. Dec. 241 (BIA, 1951) the
Board held that where the respondent was convicted of attempted un-
lawful entry and unlawful entry under indictments charging attempted
burglary in the third degree and burglary in the third degree with
intent to commit larceny, the respondent was, in fact, convicted of
attempted entry and entry with intent to commit larceny and was
therefore convicted of crimes involving moral turpitude.

In the instant case the indictment alleged that all the acts in each
count of the indictment were crimes of a similar nature and formed
a part of a common plan. The crime alleged in each count involves
moral turpitude.[1] It would be anomalous, indeed, to hold that the
respondent, by pleading guilty to an attempt to commit one of those
crimes was acknowledging guilt of a totally different crime having no
relation to the crimes in the indictment. That claim must be rejected
in favor of the conclusion that the respondent has been convicted of a
crime involving moral turpitude. As he was sentenced to confine-
ment to prison for more than one year he is subject to deportation
under section 241(a)(4) of the Immigration and Nationality Act as
charged in the order to show cause, *Matter of M—*, 6 I. & N. Dec. 346
(BIA, 1954).

The respondent has applied for the privilege of voluntary departure.
According to the record he was married to a United States citizen in
1960 and is now living with her. He stated that he has no other crimi-
nal record.

Since the respondent is deportable under section 241(a)(4) of the
Immigration and Nationality Act he cannot qualify for voluntary
departure pursuant to the provisions of section 244(e) of the Act un-
less he meets the good moral character and physical presence require-
ments for suspension of deportation set forth in section 244(a)(2) of
the Immigration and Nationality Act, as amended. As the respond-

---

[1] *Matter of R—*, 3 I. & N. Dec. 562 (BIA, 1949) (Carnal abuse) ; *Wing v. United
States*, 46 F. 2d 755 (C.A. 7, 1931) (Rape) ; *Matter of Z—*, 7 I. & N. Dec. 253 (BIA,
1956) ; *Fitzgerald v. Landon*, 238 F.2d 864 (C.A. 1, 1956) (Assault with intent
to commit carnal abuse and rape) ; *Matter of C—*, 5 I. & N. Dec. 65 (BIA, 1953)
(Endangering morals of a minor).

ent became deportable by reason of his conviction of 1963, he does not meet either of those requirements. Hence, he is ineligible for voluntary departure.

On this record the only appropriate order is one directing the respondent's deportation. As he has failed to designate any country to which he prefers to be deported, deportation will be directed to Italy, the country of his nationality.

**ORDER:** It is ordered that the respondent be deported from the United States to Italy on the charge contained in the order to show cause.

### BEFORE THE BOARD

This case is before us on appeal from a special inquiry officer's decision of July 16, 1964, holding the respondent ineligible for voluntary departure and directing that he be deported from the United States to Italy on the charge contained in the order to show cause.

The record relates to a 32-year-old married male alien, a native and citizen of Italy, who was admitted to the United States for permanent residence on November 19, 1960. On November 15, 1963, in the County Court, Nassau County, New York, he was convicted of attempted assault, second degree, and was sentenced to Sing Sing State Prison for a term not to exceed two years, six months, with a minimum of one year, three months. Execution of the sentence was suspended, and he was placed on probation.

The respondent first urges that the special inquiry officer erred in holding him subject to deportation on the above-stated charge, on the theory that it cannot be determined from the record whether the crime of which he was convicted was one involving moral turpitude. However, said official has succinctly set forth in his opinion the reasons why he answered this argument adversely to the respondent, together with a more than adequate analysis of the administrative and judicial precedents supporting him in this respect. It would serve no useful purpose here to restate his rationale in its entirety, or to restate all his citations of authority.

The record reflects that on September 18, 1962, the respondent was indicted by the grand jury of Nassau County, New York, on four counts relating to his alleged misconduct on July 30, 1962, with an eight-year-old girl, in violation of section 483–A of the Penal Law of the State of New York. On October 1, 1962, the respondent pleaded not guilty to the indictment. However, on October 15, 1963, he withdrew that plea and pleaded guilty to attempted assault in the second degree, as defined in section 242 of the New York Penal Law, in satisfaction of the indictment.

734

Careful consideration of the special inquiry officer's opinion convinces us that he has correctly pinpointed this crime as coming within the third count of the indictment which alleges assault with intent to commit the felonies of carnal abuse and rape, and the fifth subdivision of section 242 covering assault with intent to commit a felony. We agree with the special inquiry officer's reasoning that, eliminating the allegations pertaining only to the greater offense covered in the third count of the indictment, the lesser offense to which he pleaded guilty is one involving moral turpitude. That is, we concur in his conclusion that the plea was not made in a vacuum, but must be considered with relation to the indictment, as indicated by the recitals in the conviction record that such plea was "in satisfaction of the indictment." The judicial and administrative precedents cited by the special inquiry officer clearly support him in this respect.

The respondent next argues that the special inquiry officer committed error when he received the indictment into evidence as explanatory of the record of conviction, but then failed to receive testimony of the attorney who represented the respondent in the criminal proceedings as to why the respondent pleaded guilty to a violation of section 242 of the New York Penal Code, rather than to face the charges in the indictment brought under section 483–A thereof. The answer to this argument is that the indictment is a part of the record of conviction, as pointed out in court cases cited by the special inquiry officer, whereas the testimony of the respondent's then attorney is not. The cases relied on by the special inquiry officer clearly point up the impropriety of an administrative officer or tribunal going behind the record of conviction in this respect. The only further comment we think that is required on this point is that careful analysis of the cases cited by the special inquiry officer fully supports his refusal to accept such testimony.

Finally, at the time the special inquiry officer was considering the respondent's case, the controlling precedent decisions were to the effect that aliens such as the respondent were not eligible to have their status adjusted under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255). Accordingly, the special inquiry officer did not advise the respondent of any rights he might have in this respect. Since that time, however, the court of appeals for the second circuit has ruled that an alien who became deportable under section 241(a)(4) of the Immigration and Nationality Act, for a crime or crimes committed after lawful admission for permanent residence, is eligible for relief under section 245 of the Immigration and Nationality Act, even though originally admitted as an immigrant (*Tibke* v. *Immigration and Naturalization Service*, 335 F. 2d 42). In the light of that decision, we will remand the case to the special inquiry officer to afford the

respondent an opportunity to file and prosecute an application for such relief.

ORDER: It is ordered that the alien's request for termination of the proceedings be denied, and that his appeal, insofar as it relates to deportability, be dismissed.

*It is further ordered* that the hearing be reopened for appropriate action not inconsistent with the foregoing opinion.

*It is further ordered* that if discretionary relief is granted by the special inquiry officer, the outstanding order of deportation be then withdrawn.