The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

**Jose Borcella POZO,**
**Defendant-Appellant.**

No. 83CA1004.

Colorado Court of Appeals,
Div. III.

June 6, 1985.

Rehearing Denied July 18, 1985.

Certiorari Granted (People) Jan. 13, 1986.

Certiorari Denied (Amicus Curiae)
Jan. 13, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jane S. Hazen, Denver, for defendant-appellant.

Law Offices of Ann Allott, P.C., Ann Allott, Lorna Rogers Burgess, Littleton, for amicus curiae, American Immigration Lawyers Assn.

METZGER, Judge.

The sole issue presented on this appeal is whether the defendant, Jose Borcella Pozo, was denied effective assistance of counsel by his attorney's failure to advise him as to the immigration consequences of his pleas of guilty to second degree sexual assault and escape. We conclude that, under the circumstances of this case, defendant did receive ineffective assistance of counsel, and accordingly, we reverse the trial court's order and remand with directions.

Defendant arrived in the United States from Cuba in April 1980. In March 1982, he was charged with one count of first degree sexual assault, and in June 1982, he was charged with escape. Thereafter, the court appointed a Spanish speaking attorney to represent defendant in both cases because defendant spoke no English and the public defender had withdrawn from representation due to a conflict of interest.

In October 1982, defendant entered a plea of guilty to the charge of second degree sexual assault and escape. He received a sentence to the Colorado Department of Corrections of two and one-half years for the sexual assault, and a sentence of two years for the escape, to be served consecutively.

In May 1983, defendant filed a Crim. P. 35(c) motion requesting withdrawal of his guilty pleas premised upon a claim of ineffective assistance of counsel. The basis for his motion was that his attorney had failed to advise him as to the immigration consequences of his guilty pleas and had failed to seek a recommendation from the trial court to the United States Attorney General that defendant not be deported.

At a hearing on the motion, the trial court found that defendant's counsel had not advised defendant concerning any deportation consequences resulting from a plea of guilty, and that defendant was not cognizant of those consequences based on his prior experiences. Nevertheless, the trial court denied defendant's motion, finding that defendant had received effective assistance of counsel.

Defendant argues that his attorney failed to render reasonably effective assistance within the range of competence de-

manded in criminal cases, as required by *People v. Blalock*, 197 Colo. 320, 592 P.2d 406 (1979). He argues that, since his attorney failed to research the law applicable to defendant's case, he was denied the effective assistance of counsel. We agree.

Although no Colorado appellate decision has addressed this issue specifically, absence of effective assistance of counsel has been found in analogous cases. In *People v. White*, 182 Colo. 417, 514 P.2d 69 (1973), our Supreme Court held that counsel's ignorance of the elements of the crime charged rendered a defendant's guilty pleas invalid. Additionally, we held in *People v. Gonzales*, 37 Colo.App. 8, 543 P.2d 72 (1975), that numerous omissions of counsel, including a lack of familiarity with the habitual offender and deferred prosecution statutes, denied a defendant effective assistance of counsel at trial.

Other state courts have reached the conclusion urged by defendant. In *Edwards v. State*, 393 So.2d 597 (Fla.App.1981), the Florida Court of Appeals held that failure of counsel to advise a criminal defendant of possible immigration consequences constituted ineffective assistance. In *Commonwealth v. Wellington*, 305 Pa.Super. 24, 451 A.2d 223 (1982), the Pennsylvania Superior Court held that failure of counsel to ascertain and advise an alien defendant of immigration consequences constituted ineffective assistance of counsel.

At the time defendant entered his plea, he was a "legal resident" of the United States, and was married to a United States citizen. But, for purposes of immigration consequences, defendant's status was that of an alien. *See* 8 U.S.C. § 1101(a)(3).

Accordingly, 8 U.S.C. § 1251(a)(4), was applicable to him. That statute provides in pertinent part:

"Any alien in the United States ... shall, upon the order of the Attorney General, be deported who is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefore in a prison or corrective institution, for a year or more, ...."

Generally, sexual crimes have been considered to involve moral turpitude. *See, e.g., Ng Sui Wing v. United States*, 46 F.2d 755 (7th Cir.1931). Therefore, defendant, because of his alien status, his guilty plea to second degree sexual assault, and his sentence of two and one-half years, must be deported to Cuba.

Defendant points out that 8 U.S.C. § 1251(b)(2) provides an exception to such automatic deportation:

"If the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing a sentence, or within thirty days thereafter, a recommendation to the Attorney General ... such alien shall not be deported, ...."

The result of this statute is that a judicial recommendation against deportation is binding upon the Immigration and Naturalization Service, and effectively precludes automatic deportation resulting from conviction of a felony involving moral turpitude. However, defendant's attorney failed to seek such a recommendation from the sentencing court in this case, since, as he testified at defendant's Crim.P. 35(c) hearing, he was unaware of it.

■ The People argue that under *People v. District Court*, 191 Colo. 298, 552 P.2d 297 (1976), the trial court need not advise an accused of the "many legal consequences, direct or collateral, of a guilty plea." We have no quarrel with this principle, but point out that the issue we are addressing is limited strictly to the advice a defense attorney must give a defendant in a criminal case, and in no way imposes an additional requirement upon trial courts during a Crim.P. 11 providency hearing.

■ Additionally, the People argue that deportation is a collateral consequence, and that an attorney should not be compelled to advise a defendant as to the collateral consequences of a plea. Given the factual situation here, we conclude that labeling the consequence of deportation as collateral does not diminish its significance. Here, the defendant's deportation would be

a certainty, but for the fact that Cuba has refused to accept him, and, having completed his sentence at the Colorado Department of Corrections, he is presently indefinitely incarcerated in a federal prison pending deportation.

■ Also, we note that the more current law recognizes deportation as a consequence requiring the intervention of counsel's advice prior to a defendant's guilty plea. *See, e.g., Edwards v. State, supra; Commonwealth v. Wellington, supra. See also* Cal. Penal Code, § 1016.5; Mass. Gen.Laws.Ann., Chapter 278, § 29B; Or. Rev.Stat. § 135.385; Conn.Legis.Serv. § 82–177; Rev.Code Wash. § 10–40–200. These examples indicate a growing awareness that immigration consequences of criminal convictions are unique, severe, and worthy of recognition. *See also Michel v. United States,* 507 F.2d 461 (2nd Cir.1974); *United States v. Briscoe,* 139 U.S. App. D.C. 289, 432 F.2d 1351 (D.C.Cir.1970).

■ It is uncontradicted that defendant's attorney knew that defendant was an alien and failed to research the law applicable to immigration consequences which would result from a plea of guilty. Given the drastic nature of the consequences to this defendant, and counsel's total unfamiliarity with the applicable law, we conclude that defendant received ineffective assistance of counsel.

The order denying defendant's motion for post-conviction relief is reversed. The cause is remanded with directions to vacate the guilty pleas and judgments of conviction entered thereon, to reinstate the charges filed against defendant, and to permit him to plead anew.

STERNBERG, J., concurs.

TURSI, J., specially concurs.

TURSI, Judge, specially concurring.

I concur in the result reached by the majority because I believe, under the totality of the facts before us, the withdrawal of the guilty plea to sexual assault is necessary to correct a manifest injustice.

The trial court found as fact that defendant did not know that one consequence of his pleading guilty to a crime involving moral turpitude would likely be deportation. But, concluding that deportation was a collateral consequence, the trial court ruled that defendant's attorney's failure to apprise him of this consequence was not ineffective assistance under existing Colorado law. On this narrow issue, the trial court did not err. *See People v. District Court,* 191 Colo. 298, 552 P.2d 297 (1976).

However, the resolution of the ineffective assistance of counsel question does not resolve the underlying and fundamental issue in this case. The issue is whether the unknown consequence of the plea resulted in such manifest injustice that fundamental fairness requires defendant be allowed to withdraw his plea of guilty to sexual assault. For resolution of this issue, I find guidance in ABA, *Standards for Criminal Justice,* ch. 14 (2d ed. 1979) concerning guilty pleas.

ABA, *Standards for Criminal Justice* Standard 14–2.1(b) (2d ed. 1979) provides that, upon timely motion, even after sentencing pursuant to a plea of guilty, the court *should* allow a defendant to withdraw his plea if he proves that the withdrawal is necessary to correct a manifest injustice. The history of the standard explains that the word "should" was substituted for "may" in the revision of the standard. Further, the standard as revised clarifies that the specific grounds listed therein as grounds for determination, such as ineffective assistance of counsel, are intended as examples and not limitations of what constitute manifest injustice.

Thus, since we have a binding finding of fact that defendant did not know of the consequence of deportation, and since it is undisputed that but for this lack of knowledge he would not have pled guilty, we must determine whether refusal to allow defendant to withdraw his plea results in a manifest injustice. I believe it does and agree that the trial court's refusal to vacate the plea should be reversed, the plea should be vacated, and the charges rein-

stated for further proceedings in the trial court.

Prospectively, if a trial court is apprised of a defendant's alienage, I would require that the possible consequence of deportation be encompassed within the Crim.P. 11(b)(4) advisal. Further, since this will no longer be a matter of first impression in Colorado, trial counsel are now on notice that the failure to advise their alien clients fully as to the probable deportation consequences of guilty pleas will be viewed as ineffective assistance of counsel.