The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Larry David WALFORD, Defendant–Appellee.

No. 86SA315.

Supreme Court of Colorado, En Banc.

Nov. 9, 1987.

Rehearing Denied Dec. 21, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Cynthia Jones, Deputy Atty. Gen., Denver, for plaintiff-appellant.

Berkley I. Freeman, Jr., Boulder, for defendant-appellee.

KIRSHBAUM, Justice.

The People of the State of Colorado appeal an order of the Boulder County District Court granting a motion for post-conviction relief filed pursuant to Crim.P. 35(c) by the appellee, Larry David Walford, in connection with a plea of guilty to second degree burglary.[1] The trial court granted the motion on the basis of the decision rendered by the Court of Appeals in *People v. Pozo*, 712 P.2d 1044 (Colo.App.1985), in which the Court of Appeals concluded that an attorney representing an alien in a criminal case has a duty to inform the client concerning possible deportation consequences of entering a guilty plea. In *People v. Pozo*, 746 P.2d 523 (Colo.1987) (hereinafter referred to as *"Pozo"*), announced today, we reversed that decision. Because the trial court in this case did not apply the appropriate legal standard in rendering its decision, we vacate the order and remand the case for further consideration in light of the principles articulated in *Pozo*.

Walford, a British subject who legally resides in the United States, entered this country with his mother in 1956. In 1979, he entered a plea of guilty to second degree burglary as a result of a plea agreement and was sentenced to a term of imprisonment not to exceed five years. In 1982, a jury found Walford guilty of another offense and he was sentenced to a term of imprisonment.[2] In 1985, the United States Immigration and Naturalization Service notified the Colorado Department of Corrections that an investigation had been initiated to determine whether Walford was subject to deportation from the United States and requested advance notification of any release of Walford. As a result, a detainer was filed against Walford in November 1985.

---

1. This appeal was certified pursuant to § 13–4–109, 6 C.R.S. (1973).

2. The only evidence in the record regarding the 1982 conviction is Walford's testimony that the conviction was entered after trial and that an

Immigration and Naturalization Service detainer was filed while he was serving the resulting sentence. There is no evidence of the nature of the conviction.

Walford subsequently filed a Crim.P. 35(c) motion seeking vacation of his 1979 guilty plea. According to the trial court's ruling, the motion argued that: (1) Walford had not been sufficiently advised of his right to render his plea voluntary; and (2) Walford received ineffective assistance of counsel in arriving at his decision to plead guilty.[3] At the hearing on his motion, Walford testified that he was not aware of any possible deportation consequences of his guilty plea and that his attorneys had never discussed such consequences with him. The two attorneys involved in the negotiation of the plea agreement and the entry of the plea testified that they knew Walford had been born in England but that they neither discussed possible deportation consequences of the guilty plea nor sought a judicial recommendation against deportation. The trial court, relying solely on the Court of Appeals decision in *People v. Pozo*, 712 P.2d 1044, found that the failure to advise Walford of the possible deportation consequences of a guilty plea constituted ineffective assistance of counsel and granted the motion to vacate the 1979 guilty plea.[4] The People challenge that ruling here.[5]

In *Pozo*, we noted that the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was applicable to claims of ineffective assistance of counsel made by aliens in criminal cases. We observed that the question of whether a defense attorney's failure to advise an alien client of potential deportation consequences of a guilty plea constituted ineffective assistance of counsel required an initial determination of whether, in light of prevailing standards of minimally acceptable professional conduct, the attorney had a duty to become familiar with this area of immigration law. We also indicated that a determination of whether the attorney had reason to believe that the client was an alien was a necessary predicate to a thorough examination of this issue.

The trial court's order in this case contains no specific findings that Walford's attorneys had a duty to research deportation law. Although the record contains some evidence bearing on the question of whether Walford's attorneys had reason to believe their client was an alien, the trial court did not make findings on this issue either. Finally, the order contains no findings or conclusion as to whether Walford was prejudiced by this conduct. The record on appeal is insufficient to permit this court to determine these matters,[6] and the trial court is far better suited to make these determinations. Accordingly, the trial court's order is vacated and the case is remanded for further proceedings in light of this opinion.

ROVIRA, J., dissents.

ERICKSON and VOLLACK, JJ., join in the dissent.

ROVIRA, Justice, dissenting:

I respectfully dissent.

For the reasons set out in my dissent in *People v. Pozo*, 746 P.2d 523 (Colo.1987), I would reverse the order of the trial court

3. The record does not contain a copy of the 35(c) motion.

4. Because the court's holding that Walford did not receive effective assistance of counsel was dispositive, the court did not reach Walford's claim that he was not sufficiently advised of his legal rights.

5. The People argue that the decision of the Court of Appeals in *People v. Pozo*, 712 P.2d 1044 (Colo.App.1985), was inapplicable to Walford's case because it announced a new constitutional rule that should not be given retroactive effect. In view of the fact that the Court of Appeals decision relied upon by the trial court has been reversed, and considering the additional fact that this case must be reversed for a determination of Walford's Crim.P. 35(c) motion under applicable legal standards, we do not address the retroactivity issue.

6. For example, the record does not reflect whether the crime Walford was convicted of in 1982 was one involving moral turpitude. Walford, having been in this country since 1956, is apparently subject to deportation only under the provision of 8 U.S.C. § 1251(a)(4) (1982), which allows for deportation when an alien "any time after entry is convicted of two crimes involving moral turpitude not arising out of a single scheme of conduct."

vacating the defendant's 1979 plea of guilty to second-degree burglary.

I am authorized to say that ERICKSON and VOLLACK, JJ., join in this dissent.