89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raul AGUIRRE-MORENO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70924.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1996.
Decided June 24, 1996.
 
 1
 Before: T.G. NELSON, TASHIMA, Circuit Judges, and BURNS, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Raul Aguirre-Moreno, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA). An immigration judge (IJ) had ruled that Aguirre-Moreno was not deportable. The BIA reversed the IJ. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 In 1982, Aguirre-Moreno was convicted in Nevada of battery with the intent to commit sexual assault. On March 30, 1984, he applied for an immigrant visa at the United States Embassy in Mexico City. The application asked if Aguirre-Moreno had ever been arrested or convicted of a crime. He answered yes, explaining "In 1982 for the problem I had in Reno." The consular officer issued the visa. Aguirre-Moreno was admitted to the United States.
 
 
 5
 Six years later, the INS issued Aguirre-Moreno an Order to Show Cause (OSC) why he should not be deported as an alien excludable at the time of entry into the United States because (1) he was convicted of a crime of moral turpitude, pursuant to 8 U.S.C. § 1182(a)(9), and (2) he entered the country without a valid visa, pursuant to 8 U.S.C. 1182(a)(20).
 
 
 6
 The IJ found that (1) Aguirre-Moreno's visa was properly granted and (2) even if the visa was not valid, the INS was estopped from challenging it six years later. The BIA reversed the IJ's decision, holding that the visa was issued by mistake and thus was invalid. It also held that the INS could not be estopped from challenging the visa.
 
 
 7
 We review this case to determine whether the deportation order is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4); Murphy v. INS, 54 F.3d 605, 608 (9th Cir.1995).[1]
 
 MISTAKE
 
 8
 The BIA found that the consular officer issued the visa by mistake. Petitioner contends that even if that is true, his visa is still valid, especially since he disclosed his conviction to the officer. A visa is not valid, however, if issued on the basis of mistake. Lai Haw Wong v. INS, 474 F.2d 739, 742 (9th Cir.1973) (visa issued based on misconception that father was in this country); see also, Monet v. INS, 791 F.2d 752, 753 (9th Cir.1986) (visa invalid when immigrant concealed prior drug conviction to obtain visa).
 
 
 9
 If the consular officer issued Aguirre-Moreno's visa by mistake, the visa, though issued properly procedurally, is still invalid. Thus, the visa can only be valid if the consular officer either (1) found Aguirre-Moreno's crime was not one of moral turpitude and thus he was not excludable or (2) waived excludability.
 
 CRIME OF MORAL TURPITUDE
 
 10
 Aguirre-Moreno contends that the consular officer could have found that he was not convicted of a crime of moral turpitude within the meaning of 8 U.S.C. § 1182(a)(9). Nothing in the administrative record indicates that the consular officer found that Aguirre-Moreno's conviction did not involve moral turpitude. We are bound by the administrative record. 8 U.S.C. § 1105a(a)(4); Gomez-Vigil v. INS, 990 F.2d 1111, 1113 (9th Cir.1993).
 
 
 11
 Even if we could ignore the record and grant Aguirre-Moreno the benefit of the doubt, his conviction does involve moral turpitude and thus the consular officer did not have discretion to issue the visa. Aliens who have been convicted of a crime involving moral turpitude are ineligible to receive visas and thus shall be excluded from admission to the United States. 8 U.S.C. § 1182(a)(9). Thus, if battery with intent to commit sexual assault constitutes a crime involving moral turpitude, the consular officer had no authority to admit Aguirre-Moreno without a waiver[2].
 
 
 12
 Whether a statute defines a crime involving moral turpitude is a question of law, United States v. Chu Kong Yin, 935 F.2d 990, 1003 (9th Cir.1991), which we review de novo, Abedini v. INS, 971 F.2d 188, 190-91 (9th Cir.1992).
 
 
 13
 The question of whether a crime involves moral turpitude is "determined by the statutory definition or by the nature of the crime not by the specific conduct that resulted in the conviction." McNaughton v. INS, 612 F.2d 457, 459 (9th Cir.1980) (per curiam). The resolution of this question turns on whether evil intent is an essential element of the crime. Goldeshtein v. INS, 8 F.3d 645, 647 (9th Cir.1993). The statute at issue here defines battery as, "any willful and unlawful use of force or violence upon the person of another." Nev.Rev.Stat. § 200.400. Thus, evil intent is an element of the crime. Furthermore, Aguirre-Moreno was convicted of battery with intent to commit sexual assault. Rape [or sexual assault] is "a crime that manifestly involves moral turpitude." Bendel v. Nagle, 17 F.2d 719, 720 (9th Cir.1927). Thus, "an assault with intent to commit such crimes involves moral turpitude." In re Beato, 10 I & N Dec. 730, 732 (BIA 1964). The BIA, therefore, correctly concluded that Aguirre-Moreno had been convicted of a crime involving moral turpitude. So the consular officer could only have issued him a visa by mistake or by granting him a waiver.
 
 WAIVER
 
 14
 The INS contends that Aguirre-Moreno must apply for a § 212(h) waiver. It further contends that the consular officer did not have authority to grant the waiver himself. It is correct. Aguirre-Moreno was required to file an application for a waiver on Form I-601. 8 C.F.R. § 212.7(a)(1). The record does not show that such a form was filed. Again, we are bound by the record. 8 U.S.C. § 1105a(a)(4).
 
 
 15
 Further, the consular officer does not have the authority to grant a waiver. He must "transmit the Form I-601 to the Service for decision." 8 C.F.R. § 212.7(a)(1). Aguirre-Moreno, therefore, could not have gotten a waiver from the consulate. His visa is thus invalid.
 
 ESTOPPEL
 
 16
 Aguirre-Moreno contends that even if the visa is invalid, the INS is equitably estopped from now deporting him, six years after his entry into the United States. Estoppel against the government must rest on affirmative misconduct going beyond mere negligence. Mukherjee v. INS, 793 F.2d 1006, 1008 (9th Cir.1986). Affirmative misconduct requires an affirmative misrepresentation or affirmative concealment of a material fact. United States v. Ullyses-Salazar, 28 F.3d 932, 937 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995). Here, the INS cannot be equitably estopped from deporting Aguirre-Moreno because there is no evidence in the record of any affirmative misconduct on its part.
 
 
 17
 Aguirre-Moreno requests, without citing any supporting authority, that we order the BIA to reopen the case and hear his application for relief from deportation. Procedurally this court cannot order the BIA to reopen the case. The BIA has discretion to determine when a case should be reopened. Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985), quoting INS v. Wang, 450 U.S. 139, 143 n. 5 (1981). Aguirre-Moreno must first file a motion to reopen the case. See 8 C.F.R. § 3.2 (reopening of any case shall only be upon written motion to the Board). "[W]e will not supersede this ordinary reopening procedure by compelling the BIA to reopen the hearing." Rogue-Carranza, 778 F.2d at 1374, quoting Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983).
 
 
 18
 Accordingly, the petition for review is denied and the decision of the BIA is affirmed. However, we stay the mandate for sixty days from the filing of this disposition to allow Aguirre-Moreno an opportunity to file a motion to reopen. See Rogue-Carranza, 778 F.2d at 1374; Alvarez-Ruiz v. INS, 749 F.2d 1314, 1316 (9th Cir.1984). If a motion to reopen is filed within that sixty days, then the mandate will be held pending the BIA's decision. Counsel for Aguirre-Moreno shall file status reports every 180 days following the filing of a motion to reopen. If no motion to reopen is filed within sixty days or if the status reports are not timely filed, then the mandate will issue without further notice.
 
 
 19
 PETITION DENIED.
 
 
 
 *
 The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Since Aguirre-Moreno was charged with being deportable, Congress has amended the relevant statute. The amended provisions do not apply to this case. See Section 203 of the Immigration and Nationality Technical Corrections Act of 1994, Pub.L. 103-416, Oct. 25, 1994; Section 602(a) of the Immigration Act of 1990 (Pub.L. 101-649, Nov. 29, 1990, 104 Stat. 5077)
 
 
 [2]
 The only relevant exception to 8 U.S.C. § 1182(a)(9) exclusion is for aliens convicted of a single petty offense, as defined by 18 U.S.C. § 1(3) (now revoked). Petty offense is defined as a misdemeanor for which the penalty does not exceed 6 months imprisonment or a $500 fine. Id. Petitioner's conviction is not petty. His crime carried a minimum penalty of 2 years imprisonment. Nev.Rev.Stat. § 200.400 (1986)