**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HAKIM HUSSEIN KASSIM,
Petitioner,

v.

No. 96-1206

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A28-382-294)

Submitted: July 30, 1996

Decided: September 12, 1996

Before LUTTIG and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hakim Hussein Kassim, Petitioner Pro Se. David Michael McCon-
nell, Richard Michael Evans, Anthony Wray Norwood, Christine
Audrey Bither, John Thomas Lynch, Jr., UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hakim Hussein Kassim, a citizen and national of Somalia, petitions for review of an order of the Board of Immigration Appeals (Board). The Board dismissed his appeal from the decision of an Immigration Judge (IJ) finding Kassim deportable; denying his application for a waiver of deportability under § 212(c) of the Immigration and Nationality Act, 8 U.S.C.A. § 1182(c) (West Supp. 1996); and denying his applications for asylum, 8 U.S.C.A. § 1158(a) (West Supp. 1996), and withholding of deportation, 8 U.S.C.A. § 1253(h) (West Supp. 1996). We have jurisdiction over Kassim's petition pursuant to 8 U.S.C.A. § 1105a(a) (West Supp. 1996).

Kassim entered the United States as a student in November 1984. His father, a dissident Somali politician, joined the family in the United States in 1985. Kassim's father was granted asylum status, and Kassim received derived asylum status. He adjusted his status to Lawful Permanent Resident, effective October 3, 1987.

Kassim has had many convictions for driving while intoxicated. In 1992, he was arrested and charged with fondling the eleven-year-old son of a friend. He pled nolo contendere and was sentenced to six months imprisonment. In 1993, Kassim was charged with attempting to fraudulently obtain a credit card and travelers checks. While on bond, Kassim was arrested for driving while intoxicated. He was sentenced to eighteen months imprisonment on the latter charge and a two year suspended sentence with three years supervised probation for the credit card fraud. Kassim also admitted to several other arrests without convictions.

Kassim's father died in 1994. His mother lives in Canada, and his stepmother and seven siblings are naturalized American citizens. Kassim has attended a variety of schools, colleges, and community col-

2

leges, and has had several jobs. He has been in various alcohol rehabilitation programs.

In 1994, Kassim was ordered to show cause why he should not be deported on the grounds that he had been convicted of two crimes of moral turpitude not involving a single scheme or plan. 8 U.S.C.A. § 1251(a)(2)(A)(ii) (West Supp. 1996). After a lengthy hearing, the IJ concluded that Kassim's deportability had been established based on his criminal history and admissions. Somalia was designated as the country of deportation.

Kassim sought three types of relief from deportation: asylum, withholding of deportation, and a discretionary waiver under § 212(c) of the Immigration Act, 8 U.S.C.A. § 1182(c). He presented evidence about his life and family. Kassim testified about the political and social unrest in Somalia, and his fears for his survival should he return there. Two of Kassim's brothers testified about the situation in Somalia and about their wish that Kassim could assume his role as head of the family.

The IJ found Kassim deportable under § 1251(a)(2)(A)(ii), holding that he had committed two or more crimes of moral turpitude not arising out of a single scheme or plan. The Board upheld this finding. Kassim challenges the holding that the sexual offense conviction was a crime of moral turpitude.

Whether a crime involves moral turpitude within the meaning of the Immigration Act is a legal issue we review de novo. We give "due deference to the BIA's interpretation of the deportation statute," Cabral v. I.N.S., 15 F.3d 193, 194 (1st Cir. 1994), provided it is based on a permissible construction of the statute. Akindemowo v. I.N.S., 61 F.3d 282, 284 (4th Cir. 1995). Congress did not define a "crime involving moral turpitude," leaving the phrase to administrative and judicial interpretation. Cabral, 15 F.3d at 195. The Board looks to the elements of the crime rather than to the facts surrounding each crime. Franklin v. I.N.S., 72 F.3d 571, 572 (8th Cir. 1995)

As the IJ noted, we held a crime involving Md. Ann. Code art. 27, § 464 (1976), a predecessor statute to Md. Ann. Code art. 27, § 464B (1994), to be manifestly a crime of moral turpitude. Castle v. I.N.S.,

3

541 F.2d 1064, 1066 (4th Cir. 1976). We uphold the ruling of the IJ and the Board that this reprehensible and immoral act involving a child does involve moral turpitude. Therefore, the IJ properly found Kassim deportable under § 1251(a)(2)(A)(ii).

Kassim requested withholding of deportation under 8 U.S.C.A. § 1253(h)(1), and asylum under 8 U.S.C.A.§ 1158(a). The withholding provision is not applicable if the alien "having been convicted . . . of a particularly serious crime, constitutes a danger to the community of the United States." 8 U.S.C.A. § 1253(2)(B) (West Supp. 1996); 8 C.F.R. § 208.16(c)(2)(ii) (1995). Likewise, asylum is not available if the alien has been convicted of a particularly serious crime and is therefore a danger to the community of the United States. 8 C.F.R. § 208.14(d)(1) (1995). If an applicant has been convicted of a particularly serious crime, then he is presumed to be a danger to the community. Kofa v. I.N.S., 60 F.3d 1084, 1088-89 (4th Cir. 1995) (in banc).

The IJ properly analyzed the circumstances of the sexual offense to determine that this was a particularly serious crime. The crime was one against a person rather than property, indeed against a child, with substantial risk of coercion and violence. The IJ found that the sexual offense would cause long-lasting psychological injury. The Board affirmed this holding on the reasoning of the IJ, and held that Kassim's drunkenness did not excuse its seriousness. Giving due deference to the agency's interpretation of the statute, Akindemowo, 61 F.3d at 284-85, we uphold this ruling. Kassim was therefore ineligible for either asylum or withholding of deportation.

Kassim also appeals the Board's denial of his application for a discretionary waiver of deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). We review this decision for abuse of discretion, and uphold it unless it is arbitrary or capricious. Casalena v. I.N.S., 984 F.2d 105, 106 (4th Cir. 1993). The alien bears the burden of showing that he merits favorable action. Id. Kassim meets the statutory requirements for the waiver, in that he is a lawful permanent resident who has resided in the United States for seven years. But he failed to carry his burden of convincing the Board that he deserved the favorable exercise of discretion. See Casalena, 984 F.2d at 107 n.6.

4

In considering a 212(c) application, the Board must balance social and humane considerations in the applicant's favor against adverse factors that show his undesirability as a permanent resident. Cortes-Castillo v. I.N.S., 997 F.2d 1199, 1202 (7th Cir. 1993). The IJ considered all the relevant factors. In Kassim's favor, he recognized family ties in the United States with his siblings and stepmother as a substantial or outstanding equity. He noted Kassim's eleven-year residence in this country, and the fact that he came here when he was sixteen. The IJ acknowledged that Kassim's family may suffer emotional hardship when he is deported, and that Kassim would suffer hardship in moving to Somalia, particularly considering the current chaotic conditions of that country. On the negative side, the IJ noted particularly Kassim's seven-year history of alcohol abuse and criminal behavior. He found that no family member is financially dependent on Kassim, and that Kassim has been an emotional and financial burden to his family since 1987. The IJ found that Kassim had squandered numerous opportunities to rehabilitate himself from alcohol and from his life of crime. He observed that Kassim's criminal activities have become more serious over time. Accordingly, the IJ denied a § 212(c) waiver. The Board affirmed, agreeing that the "outstanding and unusual" equities Kassim presents are outweighed by his extensive criminal record.

We do not have authority to determine the weight to be given each factor, Gouveia v. I.N.S., 980 F.2d 814, 819 (1st Cir. 1992), including the applicant's criminal record. Hajiani-Niroumand v. I.N.S., 26 F.3d 832, 836 (8th Cir. 1994). Even a showing of outstanding equities does not require relief, if the Board in its discretion decides that they are outweighed by negative factors. Gandarillas-Zambrana v. B.I.A., 44 F.3d 1251, 1259 n.4 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3239 (U.S. Oct. 2, 1995) (No. 94-1720). We conclude that the Board has appropriately exercised its discretion in this case, and affirm denial of a § 212(c) waiver.

Accordingly, although we grant Kassim leave to proceed in forma pauperis, we deny his motion for counsel and affirm the decision of the Board. We dispense with oral argument because the facts and

5

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6