SCIRICA, Chief Judge,
concurring.
In Partyka v. Attorney General, we compared reckless assault to criminally negligent assault, and concluded the latter did not qualify as a crime involving moral turpitude for purposes of 8 U.S.C § 1227(a)(2)(A)(i). 417 F.3d 408, 416 (3d Cir.2005) (‘We hold that negligently inflicted bodily injury lacks the inherent baseness or depravity that evinces moral turpitude.... ”). We did not address the question presented in this case, whether a purposeful sex crime that does not require proof of mens rea for one element can qualify as a crime involving moral turpitude. Several courts of appeals have held similar sex crimes to involve moral turpitude. See Franklin v. INS, 72 F.3d 571, 588 (8th Cir.1995) (“Courts have consistently held that statutory rape is a crime involving moral turpitude, even though it has no intent element, because such a crime is ‘usually classed as rape,’ which ‘manifestly involves moral turpitude.’ ”) (citation omitted); Castle v. INS, 541 F.2d 1064, 1066 (4th Cir.1976) (collecting cases); see also Sheikh v. Gonzales, 427 F.3d 1077, *564 1082 (8th Cir.2005) (contributing to the delinquency of a minor); Gonzalez-Alvarado v. INS, 39 F.3d 245, 246 (9th Cir. 1994) (incest).
As the majority has noted, there is no precedential case nor Board precedent on this issue. Accordingly, I agree that we should remand so that the Board might answer in the first instance whether 18 Pa. Cons.Stat § 3126(a)(8)—which requires a purposeful touching but for which the legislature removed proof of lack of consent for a special class of victims—is a crime involving moral turpitude.