Alvaro Palafox GRAGEDA, Petitioner,

v.

### U.S. IMMIGRATION AND NATURAL-IZATION SERVICE, Respondent.

No. 92–70322.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 1, 1993.*

Decided Dec. 28, 1993.

---

\* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34–4.

Colin M. Warnes, San Jose, CA, for petitioner.

Alice M. King, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, DC, for respondent.

Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,** District Judge.

O'SCANNLAIN, Circuit Judge:

We must decide whether spousal abuse is a crime of moral turpitude upon the basis of which an alien can be deported.

I

Petitioner Alvaro Palafox Grageda seeks reversal of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") deportation order under section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(4), which allows for deportation of an alien who has committed a crime of moral turpitude within five years of entry into the United States.

Grageda is a Mexican citizen and legal resident of the United States. On June 4, 1986, he was convicted in California state court of violating California Penal Code § 273.5(a), which makes the willful infliction of injury upon a spouse a felony. The court sentenced him to three years' imprisonment,

** The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

and the INS instituted deportation proceedings.

In May 1988, the IJ granted Grageda's first request for continuance of deportation proceedings so that he could prepare his case. When the deportation hearing reconvened in June 1988, Grageda asked for another continuance because he had a petition for writ of error coram nobis pending before the state court, which could expunge his conviction and eliminate the grounds for his deportation. The IJ granted the second continuance. In November 1988, Grageda reported that the court had denied the petition. Nevertheless, he had filed a second petition and so asked for a third continuance. The IJ denied the request, found that Grageda had been convicted of a crime of moral turpitude, and ordered deportation.

Grageda appealed to the BIA, which affirmed the IJ's decision. He then petitioned this court for review.

## II

■ Grageda first claims that the IJ abused its discretion in denying his motion for a continuance pending his petition for writ of error coram nobis, which, if granted by the state court, would expunge his conviction. Because his petition was pending, he argues that his conviction was not final, and therefore, that the IJ could not base the deportation order on it.

■ A criminal conviction may not be considered by an IJ until it is final. *Morales–Alvarado v. INS,* 655 F.2d 172, 174 (9th Cir.1981). A conviction subject to collateral attack or other modification is still final. *Id.* at 175. "Once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for the purpose of the immigration laws." *Id.* Under California law, an appellant has a right of appeal to the state appellate court, but not to the state supreme court. *Lawson v. Kolender,* 658 F.2d 1362, 1364 (9th Cir.1981); *People v. Davis,* 147 Cal. 346, 348, 81 P. 718 (1905).

Grageda appealed his conviction to the California Court of Appeal and lost. Thus, he has exhausted his direct appeals to which he is entitled. Pursuing collateral measures, Grageda then filed his first petition for writ of error coram nobis, which the state court denied. A second coram nobis petition was pending when the deportation hearing occurred. But, because Grageda had exhausted his direct appeals and because the coram nobis petitions were collateral attacks, his conviction was final. The IJ did not abuse his discretion in refusing to continue immigration proceedings.

## III

■ Grageda claims that the BIA's decision that spousal abuse under California Penal Code § 273.5(a) defines a crime of moral turpitude is wrong. Although the Immigration and Nationality Act does not define crimes of moral turpitude, traditionally these crimes have often involved fraud. *Jordan v. DeGeorge,* 341 U.S. 223, 227, 71 S.Ct. 703, 706, 95 L.Ed. 886 (1951). Courts have also included in this category statutory rape, *Castle v. INS,* 541 F.2d 1064, 1066 (4th Cir.1976), child abuse, *Guerrero de Nodahl v. INS,* 407 F.2d 1405, 1406–07 (9th Cir.1969), and indecent assault, *Marinelli v. Ryan,* 285 F.2d 474, 476 (2d Cir.1961).

■ Describing moral turpitude in general terms, courts have said that it is an "act of baseness or depravity contrary to accepted moral standards." *Guerrero de Nodahl,* 407 F.2d at 1406; *see also Castle,* 541 F.2d at 1066 (an act "so basically offensive to American ethics and accepted moral standards"). Whether a particular crime involves moral turpitude "is determined by the statutory definition or by the nature of the crime not by the specific conduct that resulted in the conviction." *McNaughton v. INS,* 612 F.2d 457, 459 (9th Cir.1980); *see Castle,* 541 F.2d at 1066.

The statute at issue here provides that: "Any person who willfully inflicts upon his or her spouse, ... corporal injury resulting in a traumatic condition, is guilty of a felony...." Cal. Penal Code § 273.5(a).[1] In *Guerrero de*

---

1. This section also makes the willful infliction of a corporal injury upon "any person of the oppo-

*Nodahl,* the court had to determine the intrinsic nature of a similar crime—child abuse. There, the court held that California Penal Code § 273d, making it a felony to "willfully inflict[ ] upon any child any cruel or inhuman corporal punishment or injury resulting in a traumatic condition," defined a crime of moral turpitude. 407 F.2d at 1406–07. It concluded that such harm was contrary to American ethics, and that the fact it was done willfully "end[ed] debate on whether moral turpitude was involved." *Id.*

Although California Penal Code § 273.5(a) does not define its crime so vividly, the reasoning of *Guerrero de Nodahl* suggests that when a person willfully beats his or her spouse severely enough to cause "a traumatic condition," he or she has committed an act of baseness or depravity contrary to accepted moral standards. Further, this conclusion follows from *Guerrero de Nodahl* because the injurious act under section 273.5(a) must be willful, meaning that the person intended to cause the harm. *Guerrero de Nodahl,* 407 F.2d at 1406. Admittedly, an adult is not as helpless of a victim as a child; nevertheless, a spouse is committed to a relationship of trust with, and may be dependent upon, the perpetrator. This relationship makes the crime of spousal abuse different from violence between strangers or acquaintances, which, depending on the wording of the statute, is not necessarily a crime of moral turpitude. *See, e.g., United States ex rel. Zaffarano v. Corsi,* 63 F.2d 757, 758 (2d Cir.1933) (holding that under New York law simple assault is not crime of moral turpitude). Because spousal abuse is an act of baseness or depravity contrary to accepted moral standards, and willfulness is one of its elements, we hold that spousal abuse under section 273.5(a) is a crime of moral turpitude.

Grageda argues that the BIA equated the term "willfully" in section 273.5(a) with moral turpitude. To the contrary, the term "willfully" alone does not constitute moral turpitude. Rather, it is the combination of the base or depraved act and the willfulness of the action that makes the crime one of moral turpitude.

site sex with whom he or she is cohabiting" a felony. Cal.Penal Code § 273.5(a). We do not

## IV

Because Grageda's conviction was final, the IJ did not abuse his discretion in denying Grageda's request for a continuance. Because willful injury of one's spouse under California Penal Code section 273.5(a) is a crime of moral turpitude, we affirm Grageda's deportation order.

AFFIRMED.

address the question of whether cohabiting abuse is a crime of moral turpitude.