50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Valentin VIZCARRA-CORONEL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70324.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Valentin Vizcarra-Coronel petitions for review of a Board of Immigration Appeals' (BIA) order affirming the Immigration Judge's (IJ) order of deportation. Vizcarra-Coronel alleges that the deportation proceedings violated due process. We have jurisdiction under 8 U.S.C. Sec. 1105a(a) and we deny the petition.
 
 
 3
 The due process clause applies to deportation proceedings. Baires v. INS, 856 F.2d 89, 90-91 (9th Cir.1988).
 
 
 4
 Vizcarra-Coronel first argues that the IJ violated his right to due process by denying his motion for a continuance.
 
 
 5
 On December 15, 1993, Vizcarra-Coronel entered a guilty plea to possession of cocaine in state court. On January 12, 1994, he was sentenced to three years of probation on the condition that he serve ninety days in jail. The deportation hearing was held on March 10, 1994 while Vizcarra-Coronel was serving his custodial sentence. Vizcarra-Coronel sought a continuance so that he could collaterally attack his guilty plea. Because the guilty plea had been entered with the assistance of counsel and no petition was pending at that time, the IJ denied the request. The IJ further noted that if Vizcarra-Coronel successfully attacked his conviction, he could move to reopen the deportation proceedings.
 
 
 6
 A conviction may be considered for deporation purposes even though it is subject to collateral attack. Grageda v. United States INS, 12 F.3d 919, 921 (9th Cir.1993).
 
 
 7
 Here, Vizcarra-Coronel had not filed a direct appeal or a collateral attack. Because Vizcarra-Coronel entered a guilty plea, his grounds for attack were limited. See People v. Gonzalez, 13 Cal.App.4th 707, 714 (1993) (a defendant who enters a guilty plea can appeal only jurisdictional issues); People v. Goodrum, 228 Cal.App.3d 397, 400-01 & nn. 4 & 5 (1991) (defendant may file a collateral attack to invalidate a guilty plea based on fraud or a misunderstanding of facts). Therefore, we discern no error in the denial of the continuance. See Grageda, 12 F.3d at 921 (IJ properly denied motion to continue because conviction was final after alien exhausted right to direct appeal and the pending collateral attack did not impact the finality of the conviction); Hernandez-Almanza v. United States Dep't of Justice, INS, 547 F.2d 100, 103 (9th Cir.1976) (conviction was final when defendant entered guilty plea and waived direct appeal).
 
 
 8
 Vizcarra-Coronel also argues that the IJ deprived him of due process by denying him the opportunity to seek discretionary relief from deportation under 8 U.S.C. Sec. 1182(c). This argument lacks merit. One of the requirements for such relief is seven consecutive years of lawful domicile in the United States. 8 U.S.C. Sec. 1182(c). "The seven-year period runs from the date when the alien is admitted for permanent residence." Avila-Murrieta v. INS, 762 F.2d 733, 734 (9th Cir.1985). Here, Vizcarra-Coronel admitted that he attained permanent residence status on October 16, 1989. Therefore, when the IJ found that "based on his being a permanent resident only since 1989, [Vizcarra-Coronel] is ineligible for any relief whatsoever under the Immigration laws," the IJ correctly disposed of this issue. See Raya-Ledesma v. INS, 42 F.3d 1263 (9th Cir.1994).
 
 
 9
 Vizcarra-Coronel next argues that the BIA violated his due process rights by depriving him of a reasonable opportunity to file an appellate brief. We disagree.
 
 
 10
 The regulations allow the appealing party to file a brief "within the time fixed." 8 C.F.R. Sec. 3.3(c) (1994). When the IJ transmitted the testimony of record to Vizcarra-Coronel on April 4, 1994, the due date for Vizcarra-Coronel's brief was April 19. Vizcarra-Coronel did not submit a brief until May 18. The BIA received the brief on May 24, but by that time, the BIA had disposed of the appeal.
 
 
 11
 Vizcarra-Coronel disregarded the due date for filing a brief and he does not explain why he failed to meet the deadline. Vizcarra-Coronel did not take advantage of the regulation that allows an extension of time for good cause. See id. Moreover, Vizcarra-Coronel cannot establish prejudice because the BIA reviewed the record and considered the issue listed in the notice of appeal. Therefore, we conclude that the briefing schedule did not violate Vizcarra-Coronel's due process rights.
 
 
 12
 Finally, Vizcarra-Coronel argues that the BIA violated his due process rights by failing to enunciate reasons for dismissing the appeal. This contention lacks merit because the BIA affirmed for the reasons stated by the IJ. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1212-13 (9th Cir.1983).
 
 
 13
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3