97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Conrado M. DEL MUNDO, Defendant-Appellant.
 No. 95-10403.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 15, 1996.
Decided Sept. 19, 1996.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Conrado Del Mundo was convicted of unlawfully procuring citizenship in violation of 18 U.S.C. § 1425. The government argued that Del Mundo's naturalization was unlawful because he had committed a crime of moral turpitude (embezzlement) within five years of the date of his naturalization on January 14, 1994. Del Mundo appeals, arguing that embezzlement under Nevada law is not necessarily a crime of moral turpitude and thus his crime did not render him ineligible for naturalization. He also contests the district court's decision to admit evidence regarding a prior bad act and its decision to deny Del Mundo's request for a jury instruction on good faith reliance on the advice of counsel. We reject Del Mundo's arguments and affirm.
 
 
 4
 * 8 U.S.C. § 1427(a) states the statutory requirements for naturalization. One requirement is that an applicant be "a person of good moral character." 8 U.S.C. § 1101(f)(3) explains that a person lacks such good moral character if he is a member of one or more of the classes of persons described in 8 U.S.C. § 1182(a)(2)(A). This section in turn excludes from the category of persons with good moral character "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of ... a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(I).
 
 
 5
 A crime is one of moral turpitude if a necessary element of the crime is evil intent. Goldeshtein v. INS, 8 F.3d 645, 647 (9th Cir.1993). The presence of evil intent in crimes "not of the gravest character" generally turns on whether intent to defraud is an element of the crime. Id. However, the category of "moral turpitude" is broader than fraud. "Describing moral turpitude in general terms, courts have said that it is an act of baseness or depravity contrary to accepted moral standards." Grageda v. INS, 12 F.3d 919, 921 (9th Cir.1993) (citation and quotation marks omitted).
 
 
 6
 Nev.Rev.Stat. § 205.300(1) proscribes embezzlement and states:
 
 
 7
 Any bailee of any money, goods or property, who converts it to his own use, with the intent to steal it or to defraud the owner or owners thereof and any agent, manager or clerk of any person, corporation, association or partnership, or any person with whom any money, property or effects shall have been deposited or entrusted, who uses or appropriates the money, property or effects or any part thereof in any manner or for any other purpose than that for which they were deposited or entrusted, is guilty of embezzlement, and shall be punished in the manner prescribed by law for the stealing or larceny of property of the kind and name of the money, goods, property or effects so taken, converted, stolen, used or appropriated.
 
 
 8
 (Emphasis added.) This statute establishes two different ways to commit embezzlement. The first criminalizes a bailee's use of property with intent to steal or defraud--clearly a crime of moral turpitude. The second, however, criminalizes the use of property by a person to whom it has been entrusted for any use other than that for which it was entrusted in the first place. Del Mundo was convicted of this second kind of embezzlement.
 
 
 9
 Nevada courts have stated that this second way to embezzle does not require intent to "steal":
 
 
 10
 The second part does not require an intent to steal. The act of diverting carries its built-in intent that speaks for itself, that is, the performance of the act, such as using the money of an employer for a reason other than for which it was designated, makes the crime. Only the intent to do the act, even though not to steal, is important. Thusly our early court has spoken, State v. Trolson, 21 Nev. 419, 425, 32 P. 930 (1893), and it is still good law.
 
 
 11
 Rose v. State, 471 P.2d 262, 263-64 (Nev.1970).
 
 
 12
 Although Del Mundo's crime did not require a specific intent to defraud, by its nature it required a base violation of trust, making Del Mundo's crime one of moral turpitude. Cf. Grageda, 12 F.3d at 922 (one reason spousal abuse is a crime of moral turpitude is that it involves violation of trust); Nev.Rev.Stat. § 205.300(3) (stating that bailee's use of property for any use other than that for which it was entrusted is prima facie evidence of intent to defraud).
 
 
 13
 Del Mundo's crime of moral turpitude made him ineligible for naturalization and made his procurement of citizenship unlawful.
 
 II
 A. Rule 404(b)
 
 14
 At an interview with an INS official on October 13, 1993, Del Mundo falsely attested that he had never knowingly committed a crime for which he had not been arrested nor been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking any law other than traffic regulations. He now argues that the district court's decision to admit evidence that he lied to the INS violated Rule 404(b)'s prohibition against admission of prior bad acts.
 
 
 15
 We reject this argument. This court has repeatedly held that "[e]vidence should not be treated as 'other crimes' evidence when the evidence concerning the [other] act and the evidence concerning the crime charged are inextricably intertwined." United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987) (quotation marks and citation omitted). The reason for this rule is that
 
 
 16
 [i]n such cases, the policies supporting the exclusion of evidence under Rule 404(b) are inapplicable, since the evidence is not being presented "to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). Instead, the evidence is "direct evidence," used to flesh out the circumstances surrounding the crime with which the defendant has been charged, thereby allowing the jury to make sense of the testimony in its proper context.
 
 
 17
 United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (9th Cir.1992).
 
 
 18
 As the government correctly points out, "[s]omeone cannot simply appear at a naturalization ceremony and expect to be naturalized." Red Brief at 13. Del Mundo's October 13, 1993 attestation concerning his (purported lack of) criminal behavior was inextricably part of the process of his procurement of citizenship. Thus, evidence of this attestation did not fall within the scope of 404(b). Cf. United States v. Daly, 974 F.2d 1215, 1217 (9th Cir.1992) (defendant was convicted of being a felon in possession of a firearm; prosecution properly introduced evidence of a shootout "to put Daly's illegal conduct into context").
 
 B. Rule 403
 
 19
 Appellant also argues that, even if the evidence in question was admissible under Rule 404(b), it fails Rule 403 scrutiny, which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."
 
 
 20
 The district court rejected this argument, finding the evidence concerning the October 13, 1993 attestation "certainly more relevant than prejudicial", because it was highly relevant to the central issue of whether Del Mundo had "knowingly" procured his citizenship unlawfully.
 
 
 21
 Del Mundo does not dispute that evidence of the attestation was relevant to intent. Rather, in his brief, Del Mundo argues this evidence had to "confuse" the jury, i.e., that admitting evidence of the October 13, 1993 attestation created the danger that the jury would find that Del Mundo was ineligible for naturalization because he had lied to the INS rather than for the reason offered by the government--that he had committed a crime of moral turpitude (embezzlement).
 
 
 22
 However, the district court minimized any such danger by repeatedly instructing the jury that Del Mundo was not charged with lying to the INS and that evidence concerning his misrepresentations was only admissible to show his intent to commit the charged crime. See, e.g., SER 15, 24, 45-46, 51, 52, 65-66. As a general matter, "[i]t is the almost invariable assumption of the law that jurors follow their instructions." United States v. Olano, 113 S.Ct. 1770, 1771 (1993) (quotation marks and citation omitted).
 
 
 23
 Del Mundo also argues that this evidence needlessly tempted the jury into convicting him for being a bad man rather than for committing the crime charged. This argument fails on two counts. First, lying to the INS is not exactly an offense likely to evoke moral outrage. Second, Del Mundo concedes that the government had to prove he committed embezzlement to make its case. Blue Brief at 10-11. Adding the fact that he misled the INS concerning this embezzlement was not likely to change the jury's opinion of his character very much.
 
 
 24
 In light of these factors, the district court clearly did not abuse its discretion in admitting evidence of the October 13, 1993 attestation and interview over the defense's Rule 403 objection.
 
 III
 
 25
 The district court denied the defense request for a (lengthy and confusing) jury instruction stating that Del Mundo's good faith reliance on counsel would be a complete defense to the crime charged. Appellant claims this was reversible error as his "entire defense" was that he "acted on good faith on the reliance of the opinion of his attorney [Hager]", who had informed him that the embezzlement case would not affect his eligibility for naturalization until conviction at the time of sentencing.
 
 
 26
 Leaving to one side any other problems with application of the good faith "defense" to this case, Del Mundo did not qualify for his requested instruction because he did not disclose all material facts to his attorney. United States v. Ibarra-Alcarez, 830 F.2d 968, 972 (9th Cir.1987) ("To qualify for an advice of counsel instruction, the defendant must show that there was full disclosure to his attorney of all material facts, and that he relied in good faith on the specific course of conduct recommended by the attorney.").
 
 
 27
 Del Mundo failed to disclose all material facts. Hager testified that Del Mundo did not tell him about the questions on the INS Form N-400 or about his interview with Ms. Price. In this interview, Ms. Price asked Del Mundo to confirm his answer to question 15 from Form N-400--asking whether he had knowingly committed any crime for which he had not been convicted or whether he had been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking any law other than a traffic regulation. Had Del Mundo informed Hager of these matters, it likely would have alerted Hager (who testified he told Del Mundo that he did not practice immigration law) that Del Mundo's state court problems affected his eligibility for naturalization. Under these circumstances, Del Mundo cannot claim good faith reliance on advice of counsel as he did not tell his attorney all material facts.
 
 
 28
 AFFIRMED.
 
 
 
 *
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3