**Armando ORTEGA–RODRIGUEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70043.
INS No. A77–190–501.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2003.

Decided April 15, 2003.

---

Before KOZINSKI, GRABER, and BERZON, Circuit Judges.

### MEMORANDUM *

Petitioner raises due process challenges to his 1998 expedited removal order and to the reinstatement of that order in 1999. "As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him." *Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 875 (9th Cir.2003) (en banc); *see also United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000) (holding that petitioner must show that he had a plausible ground for relief from removal to establish prejudice). Even assuming that a due process violation occurred, petitioner has not shown such prejudice.

Petitioner argues that he would have been eligible for cancellation of removal in 1998 had he been accorded due process. In 1999, however, following petitioner's second undisputed illegal entry, he was convicted for a second time of spousal abuse under California Penal Code § 273.5(a). This offense is a crime of moral turpitude under the Immigration and Nationality Act. *See Grageda v. INS*, 12 F.3d 919, 922 (9th Cir.1993).

Petitioner does not qualify for either of the exceptions, under 8 U.S.C. § 1182(a)(2)(A)(ii), to the ineligibility for cancellation of removal that attaches to his crimes of moral turpitude, because he committed spousal abuse more than once, in 1993 and 1999. He thus does not qualify for the exceptions, which are expressly limited to "an alien who committed only one crime." *Id.*

The INS's failure to consider cancellation of removal in 1998 cannot be considered prejudicial. Even if petitioner had been afforded an opportunity to apply for cancellation of removal in 1998, he would not be eligible for such relief now. We cannot turn back time and ignore petitioner's 1999 conviction. The petition is therefore DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.