Julian FRAYRE–ARREOLA,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71118.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2005.*

Decided Feb. 14, 2005.

Michael J. Hernandez, Esq., Law Offices of Ronzio & Associates, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Julian Frayre–Arreola applied for suspension of deportation under

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

INA § 244(a), 8 U.S.C. § 1254(a)(1) (1995), *repealed by* Pub.L. No. 104–208, 110 Stat. 3009–615 (Sept. 30, 1996). The immigration judge concluded, on the basis of Petitioner's two convictions under Cal.Penal Code § 273.5 for Inflicting Corporal Injury on a Spouse or Cohabitant, that Petitioner lacked the requisite good moral character to qualify for this relief. The Board of Immigration Appeals ("BIA") affirmed. We have jurisdiction under INA § 106, 8 U.S.C. § 1105a, as amended by the transitional rules set forth in IIRIRA § 309(c)(4), and we deny the petition.

To qualify for suspension of deportation an alien must demonstrate, *inter alia*, that "he was and is a person of good moral character[.]" 8 U.S.C. § 1254(a)(1)(1995). An alien convicted of a crime involving moral turpitude lacks the "good moral character" necessary to qualify for suspension of deportation. INA § 101(f)(3), 8 U.S.C. § 1101(f)(3); INA § 212(a)(2)(A)(i)(I); 8 U.S.C. § 1182(a)(2)(A)(i)(I).

▮ Petitioner has been convicted twice for abusing a cohabitant, in violation of Cal.Penal Code § 273.5.[1] There is no basis to distinguish Petitioner's convictions from *Grageda v. INS*, 12 F.3d 919 (9th Cir. 1993), where we held that a conviction for spousal abuse under the same California statute was a crime of moral turpitude. Although Petitioner was convicted for abusing a cohabitant, not a spouse, *Grageda*'s reasoning applies with equal force to abuse of a cohabitant because this is also a crime willfully committed against a victim who is "committed to a relationship of

trust with, and may be dependant upon, the perpetrator." *Id.* at 922.

▮ Petitioner makes the argument that his case falls within the "petty offense" exception in INA § 212(a)(2)(A)(ii)(II), 8 U.S.C. § 1182(a)(2)(A)(ii)(II), for the first time in his appeal to this court. Because he did not raise this argument below, the panel does not have jurisdiction to review it. *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the [BIA] constitutes a failure to exhaust remedies with respect to that question and deprives the federal court of appeals of jurisdiction to hear the matter.").

The administrative record reveals two convictions for abuse of a cohabitant which, under our reasoning in *Grageda*, is a crime of moral turpitude. The BIA thus had substantial evidence to support its conclusion that Frayre–Arreola did not have the requisite "good moral character" to qualify for suspension of deportation.

PETITION DENIED.

---

1. Petitioner argued before the BIA that one of his convictions should not be considered because it was expunged. However, the BIA interprets the IIRIRA's definition of conviction to include expunged convictions, and we have previously accepted this interpretation as reasonable and entitled to deference. *Ra-mirez–Castro v. INS*, 287 F.3d 1172, 1174 (9th Cir.2002); *Murillo–Espinoza v. INS*, 261 F.3d 771, 774 (9th Cir.2001). Consequently, there was no error in the BIA's holding that Frayre–Arreola's expunged 1994 conviction under Cal.Penal Code § 273.5 was properly considered in evaluating his moral character.