Luis Antonio ORNELAS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70819.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2007 *.

Filed May 1, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Todd Bennett, Esq., El Cerrito, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacey I. Young, Esq., M. Jocelyn Wright, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERGUSON, REINHARDT, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Luis Antonio Ornelas ("Ornelas"), a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an order of removal. The immigration judge ("IJ") found that Ornelas was twice convicted of corporal injury of a spouse and therefore precluded from relief. Ornelas asserts that the IJ erred in ruling: that he had

** This disposition is not appropriate for publication and is not precedent except as provid-

admitted the second of the two convictions; that he was deportable even though he was convicted the second time under a recidivist provision; and that he was convicted of two crimes of moral turpitude not "arising out of a single scheme of conduct," under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1227(a)(2)(A)(ii). None of these arguments has merit, and we deny the petition.

First, Ornelas personally admitted to both violations of Cal.Penal Code § 273.5(a), at a hearing held August 26, 2002. He has provided no evidence that diminishes either the credibility or the sufficiency of his own testimony. Ornelas's challenge to the finding of the second violation is without merit.

Ornelas also asserts that he was convicted the second time under a "recidivist" provision, which did not involve an independent crime of moral turpitude. This argument fails because, even if Ornelas's sentence may have been enhanced by the recidivist provision of § 273.5(e), he was convicted for a substantive offense of moral turpitude under § 273.5(a). *See Grageda v. INS,* 12 F.3d 919, 922 (9th Cir.1993) (ruling that Cal.Penal Code § 273.5(a) is crime of moral turpitude).

Finally, Ornelas contends that his two convictions "aris[e] out of a single scheme of misconduct," 8 U.S.C. § 1227(a)(2)(A)(ii), because both involved similar acts of domestic violence against the same victim as part of a continuous course of conduct in a marriage. Crimes arise out of a single scheme of misconduct if they "were planned at the same time and executed in accordance with that plan," *Gonzalez–Sandoval v. INS,* 910 F.2d 614, 616 (9th Cir.1990) (bank robberies occur-

ed by 9th Cir. R. 36–3.

ring within two days of each other at same bank were part of single scheme), but petitioner's criminal offenses occurred four years apart, and no evidence links the two incidents. The cyclical nature of domestic violence does not make the two offenses part of a scheme for purposes of the INA. *See Leon–Hernandez v. INS,* 926 F.2d 902, 904–05 (9th Cir.1991) (rejecting argument that incidents related to ongoing relationship with minor were part of single scheme).

The remaining issues raised in Ornelas's brief were not supported by any cognizable arguments and are therefore deemed waived. *See Envt'l. Prot. Info. Ctr. v. U.S. Forest Serv.,* 451 F.3d 1005, 1009 (9th Cir. 2006); *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929–30 (9th Cir. 2003).

The petition is **DENIED.**