**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1786**

---

SEON DWAYNE STEWART,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.  (A43-722-208)

---

Submitted:  August 15, 2007      Decided:  September 10, 2007

---

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Jonathan Y. Ai, LAW OFFICES AI & ASSOCIATES, P.C., Rockville, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, James A. Hunolt, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seon Dwayne Stewart, a native and citizen of Jamaica, petitions for review of a decision of the Board of Immigration Appeals, affirming the immigration judge's finding that he is removable as an aggravated felon, 8 U.S.C. § 1227(a)(2)(A)(iii) (2000). Having reviewed Stewart's claims, we deny the petition for review.

Under 8 U.S.C.A. § 1252(a)(2)(C) (West 2005), "we have no jurisdiction to review a final order of removal of an alien removable for having committed an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). We do, however, retain jurisdiction to review the factual determinations that trigger the applicability of § 1252(a)(2)(C) -- that Stewart is an alien and that he was convicted of an aggravated felony. Id. Under 8 U.S.C.A. § 1252(b)(4)(B) (West 2005), "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." The immigration judge found that the Department of Homeland Security established by clear and convincing evidence that Stewart is a Jamaican citizen. Upon reviewing the record, we conclude that this finding is not unreasonable. See Markovski v. Gonzales, 486 F.3d 108, 110 (4th Cir. 2007) ("An agency's factual determinations are conclusive unless unreasonable.").

Because we find that Stewart's alienage and conviction were established below, we have jurisdiction to review only constitutional claims and questions of law. 8 U.S.C.A. § 1252(a)(2)(D) (West 2005); Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007). Stewart has raised three such claims, but each lacks merit.

First, we find no due process violation in the denial of a sixth continuance. Stewart was given ample opportunity to be heard in a meaningful time and manner. Rusu v. INS, 296 F.3d 316, 321-22 (4th Cir. 2002). Due process did not require the immigration judge to continue Stewart's proceedings pending resolution of the collateral challenge to his conviction. See Grageda v. INS, 12 F.3d 919, 921 (9th Cir. 1993). Second, Stewart's Cruel and Unusual Punishment claim fails because the Eighth Amendment does not apply to deportation and removal proceedings. Fong Yue Ting v. United States, 149 U.S. 698, 730 (1893); Elia v. Gonzales, 431 F.3d 268, 276 (6th Cir. 2005), cert. denied, 126 S. Ct. 2019 (2006). Third, Stewart alleges that 8 U.S.C.A. § 1101(a)(43) (2000), the statute defining aggravated felonies under 8 U.S.C.A. § 1227(a)(2)(A)(iii), is unconstitutionally overbroad because the definition can include misdemeanors under state law. We need not address this issue, however, because Stewart is removable based on his conviction for burglary in the first degree, a felony under Maryland law.

- 3 -

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED