**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Rogelio VARGAS–GALICIA,**
**Defendant—Appellant.**

No. 06–50299.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Nov. 8, 2007.

AUSA, Alessandra P. Serano, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven S. Lubliner, Esq., Law Offices of Steven S. Lubliner, Petaluma, CA, for Defendant–Appellant.

Before: B. FLETCHER, REINHARDT, and RYMER, Circuit Judges.

## MEMORANDUM *

Rogelio Vargas–Galicia ("Vargas") was convicted of illegal reentry after deportation under 8 U.S.C. § 1326 and sentenced to 86 months imprisonment. He challenges his conviction and his sentence, and we affirm as to both.

1. Vargas's argument that the government failed to present sufficient evidence to prove that he had actually been removed from the United States prior to his reentry is without merit. The government introduced a warrant of removal stating that Vargas was deported on September 2, 2003, and signed by an INS official who attested to having witnessed Vargas's departure. This warrant constituted sufficient evidence of Vargas's prior physical removal.[1] *See United States v. Bahena–Cardenas,* 411 F.3d 1067, 1075 (9th Cir. 2005).

2. Vargas's challenge to his underlying deportation is likewise unavailing. Vargas failed to introduce any evidence that would support a plausible showing that he would have received an "extreme hardship" waiver of his inadmissibility under 8 U.S.C. § 1182(h) (1994).[2] Thus, the IJ's failure to advise Vargas of his potential avenues of relief was not prejudicial.

3. Finally, Vargas's 86–month sentence was reasonable under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Vargas's sentence fell in the middle of the Guidelines range and was not substantially greater than his previous sentence for illegal reentry.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Vargas's suggestion that the warrant was not actually admitted into evidence because the district court sustained two hearsay objections during testimony about the warrant is also without merit. The warrant of removal was received into evidence without objection; the two subsequent hearsay objections were made to the witness's testimony about the warrant, not to the warrant itself.

2. Vargas was inadmissible under § 1182(a)(2)(A)(i)(I) (1994) because his 1990 conviction under Cal.Penal Code § 273.5 constituted a crime of moral turpitude. *See Grageda v. I.N.S.,* 12 F.3d 919, 922 (9th Cir. 1993).