**Christian Alexander SANCHEZ–HERRERA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–71900.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Philippe Dwelshauvers, Esquire, Fresno, CA, for Petitioner.

CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Alison Drucker, Esquire, OIL, Donald E. Keener, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**632**

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Christian Alexander Sanchez–Herrera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for adjustment of status and ordering him removed to Guatemala. We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We deny the petition for review.

The conviction was final and could therefore be considered by the IJ in finding Sanchez–Herrera inadmissible and subject to removal. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II); *Grageda v. INS,* 12 F.3d 919, 921 (9th Cir.1993). The IJ's refusal to continue immigration proceedings to allow Sanchez–Herrera to collaterally attack the conviction was not an abuse of discretion. *See Grageda,* 12 F.3d at 921. Further, because the denial of the continuance was not error, the denial did not violate Sanchez–Herrera's due process rights. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice.").

Respondent Holder's motion to expedite decision is denied as moot.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

