MEMORANDUM **
Gustavo Miranda-Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency’s denial of a motion to continue, Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988), and de novo due process claims, Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir.2001). We deny the petition for review.
The IJ did not abuse his discretion in refusing to continue Miranda-Gonzalez’s immigration proceedings because Miranda-Gonzalez did not establish “good cause” for a continuance. See Grageda v. INS, 12 F.3d 919, 921 (9th Cir.1993) (IJ properly denied motion to continue because conviction was final and the pending collateral attack did not affect the conviction’s finality).
The IJ correctly relied on a certified copy of the state court sentencing docket *808 to establish the fact of Miranda-Gonzalez’s conviction. See 8 U.S.C. § 1229a(c)(3)(B)(vi). Miranda-Gonzalez’s contention that the IJ violated his due process rights by “forcing” him to recognize this conviction document and concede removability therefore fails. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.