Fabio Mauricio DAVILA–RUIZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–73378.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2009.

Filed May 18, 2009.

Alexander H. Lubarsky, Esquire, San Mateo, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Rebecca Ariel Hoffberg, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, REINHARDT, and RYMER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided

**MEMORANDUM** \*

Fabio Mauricio Davila–Ruiz, a native and citizen of Nicaragua, seeks review of a final order of removal by the Board of Immigration Appeals (BIA). We deny the petition.

**I**

■ Davila–Ruiz's due process rights were not infringed by the form of the BIA's disposition. The BIA did not issue a streamlined Affirmance Without Opinion under 8 C.F.R. § 1003.1(e)(4). *Cf. Chen v. Ashcroft,* 378 F.3d 1081, 1086–87 (9th Cir. 2004). Rather, its order was a one-member decision affirming and adopting the Immigration Judge's (IJ) decision and providing its own reasons for denying Davila–Ruiz's requested relief. 8 C.F.R. § 1003.1(e)(5).

**II**

■ Expungement of Davila–Ruiz's 1997 conviction for domestic violence pursuant to Cal.Penal Code § 1203.4 did not eliminate the immigration consequences of his conviction. *See Ramirez–Castro v. INS,* 287 F.3d 1172, 1174–76 (9th Cir. 2002); *Murillo–Espinoza v. INS,* 261 F.3d 771, 773–74 (9th Cir.2001). *Lujan–Armendariz v. INS,* 222 F.3d 728 (9th Cir. 2000), does not provide relief because the exception we recognized for drug convictions that could satisfy the requirements of the Federal First Offender Act is inapplicable to Davila–Ruiz's conviction. *See Ramirez–Castro,* 287 F.3d at 1174–76. Therefore, the post-IIRIRA definition of conviction governs. *See* 8 U.S.C. § 1101(a)(48); *Matter of Roldan–Santoyo,* 22 I. & N. Dec. 512, 523, 528 (BIA 1999), *vacated in part on other grounds sub nom.*

by 9th Cir. R. 36–3.

*Lujan–Armendariz,* 222 F.3d 728 (9th Cir. 2000).

## III

■ The IJ did not err by declining to continue the proceedings. Davila–Ruiz was not statutorily eligible for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h). Davila–Ruiz had not "lawfully resided continuously in the United States" for seven years before the commencement of removal proceedings. *Id.* He makes no argument why he is nevertheless eligible, though he does suggest that the time for residency should have begun to run from 1991, when he originally filed an I–130 petition. We disagree. Approval of an I–130 petition does not confer lawful immigration status, but is instead a prerequisite for the nonresident alien to file a Form I–485 application for adjustment to lawful permanent resident status when an immigration visa becomes available. *See Freeman v. Gonzales,* 444 F.3d 1031, 1040 & n. 12 (9th Cir.2006); *Ngongo v. Ashcroft,* 397 F.3d 821, 823 (9th Cir.2005). Accordingly, the period of lawful continuous residency began June 21, 1994, when Davila–Ruiz lawfully entered the United States.

■ Nor did the IJ err by denying Davila–Ruiz's request to terminate or administratively close the proceedings. She did so without prejudice based on the government's submission that his conviction, which was a domestic violence crime and a crime involving moral turpitude, rendered him inadmissible, and thus ineligible for special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub.L. No. 105–100, § 202, 111 Stat. 2160 (1997). *See* 8 U.S.C. §§ 1101(a)(48), 1182(a)(2)(A)(i)(I), 1227(a)(2)(E)(i); *Grageda v. INS,* 12 F.3d 919, 922 (9th Cir.1993). Davila–Ruiz fails to show how he could be eligible for NACARA relief in these circumstances.

## IV

■ Finally, Davila–Ruiz argues that the IJ should not have allowed the government to amend the Notice To Appear to allege his 1997 conviction. While the former INS's prosecution of this case was neither exemplary, nor efficient, Davila–Ruiz was not prejudiced by the delay in amending charges. The delay had no substantive effect. The IJ used 1999 as the effective date of initiation of the proceedings so that Davila–Ruiz received the benefit of two additional years of residence. Further, Davila–Ruiz had ample time (five years) to respond to the charges, and he incurred a new conviction in 2002 under Cal.Penal Code § 273.5(a) & (e) while proceedings were ongoing, foreclosing his requested relief.

**PETITION DENIED.**