**Norma JABER, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–75573.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Norma Jaber, North Hollywood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Norma Jaber, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order both dismissing her appeal from an immigration judge's ("IJ") decision denying a motion for a continuance, and denying her motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion both the denial of a continuance, *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam), and the denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir.2007). We deny the petition for review.

We conclude the IJ did not abuse her discretion by denying a second continuance to allow Jaber to seek expungement of a conviction. *See Grageda v. INS*, 12 F.3d 919, 921 (9th Cir.1993); *Sandoval–Luna*, 526 F.3d at 1247. To the extent Jaber raises a due process claim based upon denial of the continuance, that claim fails as well. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error in order to prevail on a due process challenge).

Furthermore, we conclude the BIA did not abuse its discretion by denying Jaber's motion to remand because she failed to set forth a prima facie case for relief. *See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003). Jaber's generalized fear of harm as a result of conflict between forces in Lebanon and Israel is insufficient to establish a prima facie case for asylum and withholding of removal, *see Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000), and Jaber failed to set forth sufficient evidence indicating that a Lebanese government official or person acting in an official capacity would torture her or aid or acquiesce in her torture by others, *see Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.