Opinion by Judge SILER; Dissent by Judge KLEINFELD.
EUGENE E. SILER, JR., Senior Circuit Judge:
Orlando Turcios petitions for review of the Board of Immigration Appeals’s (BIA) denial of his motion to reconsider its rejection of his appeal of an Immigration Judge’s (IJ) decision as being untimely filed. Because we lack jurisdiction to review the petition, it must be dismissed.
FACTUAL AND PROCEDURAL BACKGROUND
Turcios is a citizen of Nicaragua. In October 2003, removal proceedings were commenced against him. The notice to appear alleged that Turcios was admitted to the United States as a lawful permanent resident in 1968, sought to reenter the United States in 2003, was paroled into the United States for deferred inspection, and had his parole was revoked in October 2003. Turcios was previously convicted of sale of cocaine, felony spousal abuse, resisting arrest, and eight separate instances of petty theft while in the United States. The notice to appear indicated that he was removable under 8 U.S.C. §§ 1182(a)(2)(A)(i)(I) and (II) for his convictions for a crime relating to a controlled substance, and a crime involving moral turpitude. At the hearing before the IJ, Turcios admitted all of his convictions and conceded removability. The IJ issued the order of deportation. On the order, the IJ instructed that any appeal to the BIA was “due by 12/23/04.”
On December 22, 2004, one day before the notice of appeal was due, Turcios’s counsel delivered the notice to Federal Express for overnight delivery. The notice of appeal was not received by the BIA until December 27, 2004.
The BIA entered an order dismissing the appeal as untimely. Turcios filed a motion before the BIA to reconsider its decision and reopen his proceedings. His motion explained that the notice was delivered late due to severe winter weather *1077 conditions. He attached a letter from Federal Express indicating that the late delivery was due to the winter weather.
In March 2005, the BIA denied the motion to reconsider because the motion merely offered an explanation for late delivery and did not expose an error of fact or law in the prior decision. This petition followed.
STANDARD OF REVIEW
This court has jurisdiction over petitions for review to “determine our jurisdiction.” Fernandez-Ruiz v. Gonzales, 410 F.3d 585, 586-87 (9th Cir.2005), adopted in part by, 466 F.3d 1121, 1124 (9th Cir.2006) (en banc) (“We adopt the portion of the panel’s opinion addressing the government’s claim that, under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction .... ”). We review the jurisdictional limitations of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) de novo. Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir.2004).
DISCUSSION
Generally, the Courts of Appeals have jurisdiction to review final removal orders of the BIA. 8 U.S.C. § 1252(a). However, Congress has restricted judicial review where an alien is removable based on a conviction for certain crimes. 8 U.S.C. § 1252(a)(2)(C). Such crimes include those involving moral turpitude (other than a purely political offense), 8 U.S.C. § 1182(a)(2)(A)®, and a violation of any state law relating to a controlled substance other than a single offense of possession of a small quantity of marijuana, 8 U.S.C. § 1182(a)(2)(B)®.
Turcios’s convictions are covered under 8 U.S.C. § 1252(a)(2)(C). He admitted that he was previously convicted of sale of cocaine, felony spousal abuse, resisting arrest, and eight separate instances of petty theft while in the United States. Petty theft is a crime involving moral turpitude, United States v. Esparza-Ponce, 193 F.3d 1133, 1135-37 (9th Cir.1999), and spousal abuse is a crime of moral turpitude. Grageda v. U.S. INS, 12 F.3d 919, 922 (9th Cir.1993).
As noted by Turcios, the REAL ID Act of 2005 provides that the restriction on judicial review for criminal aliens be construed so as to preserve this court’s jurisdiction to address constitutional claims and issues of law raised in petitions for review. Fernandez-Ruiz, 410 F.3d at 587. Turcios argues that whether the BIA abused its discretion in denying the motion to reconsider as untimely is a question of law which this court has jurisdiction to consider.
In reviewing this question, other courts have determined that the REAL ID Act does not confer jurisdiction over challenges to the exercise of routine discretion by the BIA. See De La Vega v. Gonzales, 436 F.3d 141, 146 (2d Cir.2006) (holding that upon review of circuit case law and the legislative history of Section 106 of the REAL ID Act, nothing in that section confers jurisdiction over challenges to the exercise of routine discretion by the BIA); Xiao Ji Chen v. United States, 434 F.3d 144, 151-54 (2d Cir.2006) (holding that challenges to the exercise of routine discretion by the Attorney General (or the IJ as his designee) do not raise “constitutional claims or questions of law” under Section 106 of the REAL ID Act); Grass v. Gonzales, 418 F.3d 876, 879 (8th Cir.2005) (“[Section 106] grants no jurisdiction to review an IJ’s purely discretionary decision to deny a continuance of a removal hearing, unless that ruling resulted in such procedural unfairness as to implicate due process.”); Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir.2005) (“Notwithstanding § 106(a) of the [REAL ID] Act, ... discretionary or factual determinations continue to fall outside the jurisdiction of the court *1078 of appeals entertaining a petition for review.”); Gattem v. Gonzales, 412 F.3d 758, 767 & n. 8 (7th Cir.2005) (holding that, under Section 106, the Courts of Appeals have jurisdiction to consider “question[s] of law” raised in petitions for review, but not discretionary decisions of the Attorney General).
Turcios challenges only the BIA’s denial of discretionary relief of reconsideration of its prior decision dismissing the untimely notice of appeal. He does not raise any constitutional challenges, nor does he raise any questions of law as contemplated by the REAL ID Act. Since the BIA’s denial of Turcios’s motion to reconsider was an exercise of routine discretion, we dismiss for lack of jurisdiction.
DISMISSED.