**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS GARNICA-RAMIREZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-70200

Agency No. A090-828-217

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2010
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and CONLON, District
Judge.[**]

Carlos Garnica-Ramirez ("Garnica") is a native and citizen of Mexico. He

became a lawful permanent resident of the United States in 1989. In 1994, Garnica

was convicted of violating California Penal Code § 273.5(a). In 2001, Garnica was

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Suzanne B. Conlon, US District Judge for the
Northern District of Illinois, sitting by designation.

convicted of violating Cal. Penal Code § 245(a)(1). In 2007, the government initiated removal proceedings by filing a Notice to Appear alleging that Garnica was removable under 8 U.S.C. § 1227(a)(2)(A)(ii) for two prior convictions of crimes involving moral turpitude. Garnica appeals the BIA's decision affirming the IJ's finding that Garnica was removable under § 1227(a)(2)(A)(ii) for two prior convictions of crimes involving moral turpitude.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), (a)(2)(D). We review de novo the BIA's decision finding Garnica removable based on his two California Penal Code convictions. *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194 (9th Cir. 2006).

## I. Garnica's § 273.5(a) Conviction

Cal. Penal Code § 273.5(a) provides that any person who willfully inflicts corporal injury resulting in a traumatic condition upon a spouse, former spouse, cohabitant, former cohabitant, or co-parent is guilty of a felony.

In *Grageda v. INS*, this court determined that willful infliction of injury *on a spouse* under § 273.5(a) was an "act of baseness or depravity contrary to accepted moral standards" because "a spouse is committed to a relationship of trust with, and may be dependent upon, the perpetrator." 12 F.3d 919, 922 (9th Cir. 1993). The *Grageda* court noted that the trust and dependency involved in a spousal

2

relationship "makes the crime of spousal abuse different from violence between strangers or acquaintances, which, depending on wording of the statute, is not necessarily a crime of moral turpitude." *Id*.

In 2009, in *Morales-Garcia v. Holder*, 567 F.3d 1058, 1064-66 (9th Cir. 2009), the court limited *Grageda* to § 273.5(a) convictions involving abuse of a spouse. The *Morales-Garcia* court held that § 273.5(a) convictions are not categorically crimes involving moral turpitude because § 273.5 is "overly-broad" because it includes victims who would not necessarily have a relationship of trust with the perpetrator, such as cohabitants. *Id*. at 1065-66. Thus, Garnica's § 273.5(a) conviction was not a categorical crime involving moral turpitude.

Where a conviction under a statute is not a categorical crime involving moral turpitude, the modified categorical approach may be appropriate to determine if the specific conduct at issue involves moral turpitude. *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1163-64 (9th Cir. 2006). The modified categorical approach is appropriate here because the *Morales-Garcia* court determined that § 273.5(a) included both morally turpitudinous and non-morally turpitudinous conduct. *Morales-Garcia*, 567 F.3d at 1065.

Under the modified categorical approach, "we consider whether documentation or other judicially noticeable facts in the record indicate that [the

3

petitioner] was convicted of the elements of the generically defined crime." *Huerta-Guevera*, 321 F.3d 883, 887 (9th Cir. 2003). In applying the modified categorical approach, we may consider documents that are part of the record of conviction, but may not look beyond the record of conviction to the particular facts underlying the conviction. *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004).

The government bears the burden to prove "clearly and unequivocally [that] the conviction was based on all of the elements of a qualifying predicate offense," in this case the generic definition of moral turpitude. *Quintero-Salazar v. Keisler*, 506 F.3d 688, 694 (9th Cir. 2007) (quotation omitted). Accordingly, if the documents from the record of conviction included in the administrative record are insufficient to establish that the offense was a crime involving moral turpitude, the conviction cannot be used as a basis for removal. *Tokatly*, 371 F.3d at 620. If the government fails to meet its burden, the court will not ordinarily remand for the government to submit further documentation. *See Fernandez-Ruiz*, 466 F.3d 1121, 1132-35 (9th Cir. 2006) (en banc); *see also Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1079-80 (9th Cir. 2007).

Here, the only evidence in the Administrative Record from Garnica's record of conviction was the Los Angeles Superior Court's electronic docket, which does not indicate any details about the conviction beyond the disposition. The docket

4

does not state the relationship between Garnica and the victim. The docket states only that Garnica was charged and convicted of one count of "273.5(A) PC MISD - INFLICT CORPORAL INJURY ON SPOUSE." This appears to be nothing more than an abbreviated reference to the title of the statute of conviction. Thus, the docket sheet lists only the Cal. Penal Code section under which Garnica was convicted, and it does not elaborate on the specifics of Garnica's conduct underlying his conviction. Consequently, the government failed to meet its burden to prove "clearly and unequivocally" that Garnica's § 273.5(a) conviction was a crime involving moral turpitude because the government failed to submit evidence from the record of Garnica's § 273.5(a) conviction showing that Garnica had a special relationship with his victim.[1] We conclude, therefore, that Garnica's § 273.5(a) conviction was not a crime of moral turpitude under the modified categorical approach.

---

[1] The government argues that the Administrative Record includes testimony that the victim of Garnica's § 273.5(a) conviction was the mother of his children. We have not previously decided whether this would qualify as a relationship of trust to constitute a crime involving moral turpitude. Moreover, Garnica testified that the altercation was actually between his sister and brother-in-law. However, we need not resolve these questions because we have clearly indicated in *Cheuk Fung S-Yong v. Holder*, that "we have strictly prohibited immigration judges from looking behind the documentary record of conviction to the underlying facts of a prior offense," including "an alien's admissions to the immigration judge regarding the nature of his criminal conduct." 578 F.3d 1169, 1175 (9th Cir. 2009) (citing *Tokatly*, 371 F.3d at 622-23).

5

## II. Garnica's § 245(a)(1) Conviction

The sole ground for removability with which Garnica was charged, § 1227(a)(2)(A)(ii), requires *two* or more morally turpitudinous convictions. Because Garnica's § 273.5(a)conviction was not a crime involving moral turpitude, we need not reach the question of whether Garnica's § 245(a)(1) conviction was a crime involving moral turpitude.

## III. Conclusion

Garnica's § 273.5(a) conviction was not a categorical crime involving moral turpitude. The government failed to meet its burden to show, under the modified categorical approach, that Garnica's crime involved moral turpitude. Garnica is not, therefore, removable as an alien convicted of two or more crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii). Accordingly, we grant the petition for review, vacate the BIA's decision finding Garnica removable, and remand to the BIA with instructions to terminate proceedings.

**PETITION FOR REVIEW GRANTED, VACATED, AND REMANDED.**